Cubberly *v.* Cubberly.

SAMUEL D. CUBBERLY, appellant,

*v.*

JAMES D. CUBBERLY et al., respondents.

A third person may maintain a suit to enforce a promise made, on a lawful consideration, for his benefit, and the promisee is not a necessary party to such suit.

On appeal from a decree of the Chancellor, reported in *Cubberly* v. *Cubberly, 6 Stew. Eq. 82.*

*Mr. Chilion Robbins,* for appellant.

Mary M. Danser, of New York, made her will about December 13th, 1876, by which she bequeathed and devised a large amount of property to various persons and institutions. The will contained a residuary clause, giving her executor power to distribute the residue of her estate, after satisfying her special devises and bequests, " to such charitable or religious societies or associations and corporations, or for such other benevolent purposes, as he may see fit."

Mary M. Danser died in the city of New York, in February, 1877, without revoking or altering her will. She left no lineal descendants. Her next of kin were Smith J. Danser, of Dayton, Ohio, who was her uncle; Mrs. Mary Golder, of New York city, and Mrs. Susan S. Robinson, of New Bedford, Mass., who were her aunts. Her next of kin were entitled, at her death, to all of her estate not disposed of by her will. The complainants and defendant and Alex. H. Cubberly are children of Lucy A. Cubberly, who was, in her lifetime, an aunt of the testatrix, and are therefore first cousins of the testatrix. The will was offered for probate in February, 1877, before the surrogate of New York county. Its admission to probate was contested by Smith J. Danser and others. So far as appears by the bill, these parties contestant never withdrew their opposition till the matter was finally compromised.

"Whilst these legal proceedings were pending, and with full knowledge" &c., Samuel D. Cubberly "did then and there represent and tell to the said Mary A. Golder and Francis S. Avery that the said Smith J. Danser had given up all hopes of success in said legal proceedings, and had abandoned the same and returned to his home in the state of Ohio, all of which was untrue, and was known to him to be untrue at the time."

The defendant proposed that Mrs. Golder and Mrs. Robinson "should give to him a power of attorney authorizing him to take such steps as he might see fit to recover any interest said M. A. G. and S. S. R. might have in the estate of the said Mary M. Danser, deceased, other than specific legacies, and to do everything necessary and proper thereto ; that they should give him one-half of all such interest that might be recovered, and that he should pay all the costs, fees and expenses of such measures as he might undertake in pursuance thereof." This proposition was at that time (March, 1877) rejected. It was repeated at different times, and finally accepted.

The contest over the will was compromised September 20th, 1877, the will admitted to probate, and the residuary clause decreed to be null and void. The effect of this was to distribute the residue of the estate to the next of kin of the testatrix, above named. The said Golder and Robinson each received out of the fund so distributed about $76,000, and that each one of them paid to the defendant $38,000, thus giving him $76,000. The complainants each claim one-fifth of this, after deducting from the whole sum the fees, costs and expenses paid by the defendant under the terms of the agreement.

The foundation of their claim is the above-alleged agreement and promise of the defendant to divide with them.

I. The responsibility of the defendant to the complainants, if any, *arises solely from the agreement above stated.*

It is admitted that " if one person make a promise to another on lawful consideration, for the benefit of a third person, such third person may maintain an action, even at law, upon it."

But this case cannot be ruled by that principle.

In this case, the maxim *ex dolo malo non oritur actio* fully ap-

Cubberly *v.* Cubberly.

plies. *Broom's Max. 702; State* v. *Thatcher, 6 Vr. 445; Nicholson* v. *Gooch, 5 E. & B. 999; Tivaz* v. *Nicholls, 2 M. G. & S. 500.*

II. That the complainants might have set up a case which, leaving out the statement of the false pretense, would not 'have been liable to demurrer, makes no difference. The defendant, in case of such omission, might have set it up by plea or introduced it in evidence, when the result would have been the same as if it had been stated in the bill.

The rule that no man shall set up his own iniquity as a defence is never applied where the rights of third parties are to be affected. *Hooper* v. *Lane, 6 H. of L. Cases 443, 461; Smith* v. *Hubbs, 10 Me. 71; Cowles* v. *Bacon, 21 Conn. 465; Nellis* v. *Clark, 20 Wend. 24.*

The defendant has done right in demurring. A man is not justified in omitting to demur to a bill, even if fraud is charged, against which he desires to answer. *Nesbit* v. *Bevridge, 9 Jur. (N. S.) 1044; Mitf. Pl. 128; Broom's Max. 459; 2 Dan. Ch. Pr. 1399.*

III. The defrauded parties, Mrs. Golder and Mrs. Robinson, have the right to rescind the agreement and recover back the money paid the defendant, upon the ground of gross fraud. *Kerr on F. & M. 296 &c.; Pearsall* v. *Chapin, 44 Pa. St. 9.*

The bill nowhere states that they, knowing of the fraud, have confirmed or acquiesced in the contract; this must fully appear, or their right to avoid the agreement and proceed against the defendant is unaffected. *Pearsall* v. *Chapin, sup.; Kerr on F. & M. 295, 300, 309,* and cases cited; *Add. on Con. §§ 140, 1410; Bishop on Con. §§ 203, 205; Thurston* v. *Blanchard, 22 Pick. 18; Stevens* v. *Austin, 1 Metc. 557; Huguenin* v. *Bosely, 14 Ves. 273; Bridgman* v. *Green, Wilm. Judg. 58; Reynolds* v. *Rochester, 4 Ind. 43.*

IV. The complainants are equally guilty with the defendant in the fraud charged. It was held in *Lincoln* v. *Claflin, 7 Wall. 132,* that the subsequent participation by a person in a

38

fraud and its fruits was as effectual to charge him as preconcert and combination for its execution.

So a person is innocent of a fraud only so long as he does not insist upon deriving any benefit from it. When he does so insist, he at once becomes a party to the fraud. *Scholefield* v. *Templer, Johns. (Eng.) Ch. 155; 1 Story Eq. Jur. § 193; Hartoff v. Hartoff, 21 Beav. 259; Robson v. Colze, 1 Doug. 228; People v. Mather, 4 Wend. 261; Burtis v. Tisdall, 4 Barb. 571.*

Where several are concerned in a fraud upon the rights of a third person, equity will not afford them relief as against one another. *Bolt v. Rogers, 3 Paige 154; Odenheimer v. Hanson, 4 McLean 437; Van Doren v. Staats, 2 Pen. 887; Gregory v. Wilson, 7 Vr. 315.* And this is so even though the greater fraud may be on one side or the other. *Bolt v. Rogers, sup.; Nellis v. Clark, 20 Wend. 24.*

When once a fraud has been committed, no one can derive any benefit from it, except it be an innocent person who subsequently acquires an interest in the subject matter of the fraud, and from whom some consideration passes. In such cases, and when it can be done, such innocent persons are made whole. *Scholefield v. Templer, sup.; Prero v. Walters, 4 Scam. 35.*

The rule that where the fraudulent transaction has been completed, and the money received by one wrong-doer, an action will lie against him in favor of any other one of the wrong-doers, for his share, is not in force in this state. *Todd v. Rafferty, 3 Stew. Eq. 254; Watson v. Murray, 8 C. E. Gr. 257; Gregory v. Wilson, 7 Vr. 320.*

V. Courts do not sit to divide up the fruits of fraud, not even upon the application of a person to whom the money in part belongs, who is innocent of the fraud, and especially if such person would be liable to the party defrauded for the share received by him. *Todd v. Rafferty, 3 Stew. Eq. 254; Gregory v. Wilson, 7 Vr. 315; Watson v. Murray, 8 C. E. Gr. 257; Van Doren v. Staats, 2 Pen. 887;* see, also, *Price v. Polluck, 8 Vr. 44; Church v. Muir, 4 Vr. 318.*

VI. If the complainants are entitled to any relief at all, Mrs.

Cubberly v. Cubberly.

Golder and Mrs. Robinson are necessary parties, either complainants or defendants, to this suit.

If the arguments on which the defendants rely may be rescinded by the parties defrauded, and they may proceed at law or in equity to establish their rights against the defendant, or any who may take through him, then the necessity of their being joined in and concluded by this suit is at once apparent. The rights of the parties concerned cannot be settled and protected, and complete justice done, in their absence. *Hicks* v. *Campbell, 4 C. E. Gr. 183; Irick* v. *Black, 2 C. E. Gr. 189; Keller* v. *Keller, 3 Stock. 458.*

*Mr. E. L. Campbell,* for respondents.

I. Neither Mary Ann Golder, Susan S. Robinson nor Frances T. Avery had any interest in the money for which the respondents bring suit. So far as they are concerned, the agreement is executed, and no injury to them is alleged or indicated. Mrs. Avery was a mere attorney in fact. *1 Story Eq. Jur. (11th ed.) 202, 203,* and cases; *Sherwood* v. *Andrews, 2 Allen 79.*

II. Even if it were otherwise, the bill alleges that they still purpose we shall have the money; this, if material, is part of our bill to be proved, and necessarily by them as witnesses.

III. The bill sets out a " trust " which a court of equity will execute. *Wil. Eq. Jur.* *423; Eaton* v. *Cook, 10 C. E. Gr. 55; Day* v. *Roth, 18 N. Y. 448; Foot* v. *Foot, 58 Barb. 258.*

IV. The bill presents a case of " account," of which a court of equity will take jurisdiction. *1 Story Eq. Jur. 442, 459, 459 a,* and cases; *3 Black. Com. 164.*

V. The bill sets out a case of equitable jurisdiction on the ground of " discovery." *1 Story Eq. Jur. 690, 691,* and notes; *2 Id. 1483, 1488, 1489.*

VI. The bill presents a case of equitable jurisdiction on the ground of " fraud." *1 Story Eq. Jur. 184, 185.*

Perrine *v.* Vreeland.

The opinion of the court was delivered by

BEASLEY, C. J.

The points argued before this court are the same questions presented for consideration in the court of chancery; and being of opinion that the case, in such respects, was properly disposed of, I shall vote to affirm the decree.

*Decree unanimously affirmed.*